EAGLE WAGON WORKS v. COLUMBIA WAGON CO.

(Circuit Court, E. D. Pennsylvania. August 3, 1910.)

No. 32.

1. PATENTS (§ 26*)—INVENTION—NEW COMBINATION OF OLD ELEMENTS.
    A new combination, with a new mode of operation, may be invention,
    even if all the parts thereof are old, and even if the function of the com-
    bination is also old.
    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 27–30; Dec. Dig.
    § 26.*]

2. PATENTS (§ 26*)—NEW COMBINATION OF OLD ELEMENTS—EVIDENCE OF IN-
    VENTION.
    While a new combination of old elements often appears simple, where
    there was a prior defect which was thereby overcome, and the new de-
    vice was immediately recognized, and went into extensive and general
    use, it is persuasive that more than mechanical skill was required in
    bringing together the elements in such a combination to each other as to
    bring about the success.
    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 27–30; Dec. Dig.
    § 26.*
    Patentability of combinations of old elements as dependent on results
    attained, see note to National Tube Co. v. Aiken, 91 C. C. A. 123.]

3. PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—DUMP WAGON.
    The Van Wagenen patent, No. 699,262, for a dump wagon, while for a
    combination of old elements, obviates prior defects and discloses patent-
    able invention. Also held infringed by the device of the Garrison patent,
    which, if it contains patentable novelty, is for an improvement only in
    one element of the Van Wagenen combination.

In Equity. Suit by the Eagle Wagon Works against the Columbia
Wagon Company. Decree for complainant.

Parsons, Hall & Bodell, for complainant.
M. W. Sloan and Hector T. Fenton, for respondent.

HOLLAND, District Judge. This is a bill of complaint charging
an infringement of patent No. 699,262, issued to ·M. Van Wagenen
on May 6, 1902, for an improvement in dumping wagons. The de-
fenses are: (1) Noninfringement; (2) want of patentable novelty.

The patent is for a combination of devices, all of· which have been
in prior use, either in the form in which they appear in this combina-
tion, or embodying substantially the principles involved. The im-
provements relate to that class of dump wagons in which the bottom
wall of the receiving chamber consists of movable sections hinged to
the lateral side walls of the box and ·having the adjacent free ends
adapted to meet substantially midway to said side walls; said movable
bottom sections being elevated by a suitable drum and cable and
adapted to open or drop by gravity when released, and should either
chain, for any reason, become lengthened, or either door obstructed
while being closed, the invention has provided a rocking member or de-
vice in the rear of the wagon body for taking up the sag in either.
chain resulting from an inequality of movement of the doors. The

claim in the patent in which it is alleged the defendant has infringed is as follows:

"4. The combination with a dump wagon having movable bottom sections hinged to its side walls, a rotary drum at one end of the movable sections, a rocking member at the other end, cables or chains connected to said drum and to said rocking member at opposite sides of its pivot, the intermediate portion of said cable being connected to the bottom sections and means for rotating the drum."

The wagon body is boxed shape, and the bottom has two long doors or sections, which are hinged longitudinally adjacent to the side walls of the wagon body so that the free edges will meet; a winding drum located at the front of the wagon body and having mechanism for rotating it, arranged in convenient reach of the driver; means to rotate the drum with the ratchet and pawl mechanism, and a single rocking member pivotally mounted on the rear of the wagon body, and two separate chains, or two lengths of a single chain, each individual to one of the doors and extending in a lengthwise direction beneath the same parallel with and adjacent to, its free side edge; the front ends of the chains being connected to the winding drum, and the rear ends thereof being connected, respectively, to the rocking member on opposite sides of its pivot. This device enables a driver to dump his load and to close the bottom doors. The chain individual to each door is so contrived that, if one of the doors is prevented from its upward movement, the companion door may be further raised until both doors are brought to a closed position, or, should one chain be longer than the other, the compensating mechanism in the rear, together with the winding drum, will take up the sag and enable the driver to bring both sides closed to a tight fit. The defect in prior closing mechanisms used on this class of wagons was that, where each door was raised by its own run of chain, any operative inequality in their length of lifting action, caused by sagging or stretching, would prevent a tight closing of the doors. This defect was obviated by the use of the pivotally mounted rocking member placed upon the rear of the complainant's wagon.

Wagons previously manufactured of this kind contained two of the elements of claim 4, to wit, movable bottom sections hinged to the side walls, and a rotary drum at one end of the movable sections. The ends of the chains at the rear were immovable, and there was no means of providing for an inequality in length of chain, or any means by which the sag of the chains resulting from an inequality of movement in closing the doors could be taken up. This was a defect which was recognized, and it was overcome by the combination worked out and placed upon this class of wagons by the patentee. It is not claimed that there is any new principle involved in any of the elements used in this combination; but it is claimed that it is a new combination of old elements, resulting in a new mode of operation. The elements are old; but they have never been found correlated in the same way as the patentee in this case has combined them, nor has there been any device placed upon these wagons which would close the bottom doors in the same way and so satisfactorily as the device found in the patent. A new combination with a new mode of operation may be in-

vention, even if all the parts thereof are old, and even if the function of the combination is also old. Walker on Patents, p. 40; Steiner & Voegtly Hardware Co. v. Tabor Sash Co. (C. C.) 178 Fed. 831.

In order to establish the defense of a lack of patentable novelty, three patents have been introduced, showing the state of the art prior to the issuance of the complainant's patent: The Weber, the Blake, and the Lawrence patents. The Weber patent is for a cart, and, in order to dump it, it is necessary to tilt the whole body. In the Blake patent, we find the movable bottom section hinged to the side walls of the body, with two runs of chain for each door, to independently lift and close the hinged doors, a winding drum on the wagon forward of the doors, to wind up the two runs of chain, and means to operate the drum, but no rocking member. The Lawrence patent is for a dumping device on a railroad car, provided with a hopper bottom, and this hopper bottom at about the middle thereof is provided with an opening designed to be closed by two hinged doors, which are arranged transversely of the car, and are of a less length than the width of the bottom. A winding drum is arranged beneath the bottom of the car and parallel to the sides of the door, and there are two pulleys spaced at a distance apart from each other, over which is guided the intermediate parts of the chain, the lengths or runs of which extend transversely of the two doors, each length or run being common to both doors and co-operating directly with both doors for raising the same. The pulleys are not located at the ends of the doors, but are mounted beneath the bottom of the car, and are spaced a distance from the hinged side edge of one of the doors.

These two pulleys, placed at the rear of the doors in the Lawrence patent, embody exactly the same compensating principle found in the rocking member placed on the rear of the body of the wagon in the patent in suit. There is no difference whatever, so far as the operation in both is concerned. In the Lawrence patent the same result is attained by two pulleys that is accomplished by the rocking member used by complainant. There is no pretension on the part of complainant that there is any difference in principle. While it is true that none of the elements entering into this device is new, yet they are put in such a combination that they bring about the result which is regarded by the general public as a great improvement in dump wagons. The old mechanism failed to give satisfaction, and the combination brought out and perfected by the patentee in this case overcame the difficulties and objections theretofore expressed, and we think it is such a correlation and combination of old elements as to indicate an exercise of the creative faculty of the inventor, and not merely the ingenuity of the skilled mechanic, and that there is patentable novelty involved. It appears very simple now, after what has been accomplished by Van Wagenen.

Patents for the combination of old elements found in the prior art are usually susceptible of the attack of want of novelty, because of the apparent simplicity of the combination after success has been attained; but where there was a prior defect long suffered, and an immediate recognition of the new device, which immediately went into general and extensive public use, it is persuasive that more than mechanical

skill was required in bringing together the elements in such a combination in relation to each other as to bring about the success. Johnson v. Forty-Second St., etc. (C. C.) 33 Fed. 501; Regent Mfg. Co. et al. v. Penn Electrical & Mfg. Co., 121 Fed. 83, 57 C. C. A. 334; McMichael & Wildman Mfg. Co. v. Ruth, 128 Fed. 707, 63 C. C. A. 304; Los Alamitos Sugar Co. et al. v. Carroll, 173 Fed. 280, 97 C. C. A. 446; Expanded Metal Co. v. Bradford, 214 U. S. 381, 29 Sup. Ct. 652, 53 L. Ed. 1034.

"Now that it has succeeded, it may seem very plain to any one that he could have done it as well. This is often the case with inventions of the greatest merit. It may be laid down as a general rule, though perhaps not an invariable one, that if a new combination and arrangement of known elements produce a new and beneficial result, never attained before, it is evidence of invention." The Barbed Wire Patent, 143 U. S. 283, 12 Sup. Ct. 447, 450, 36 L. Ed. 154.

The defendant further sets up the defense of noninfringement, and claims that it is manufacturing its wagon under a patent issued to Garrison on April 30, 1907. An examination of this patent shows that it is an exact duplicate of the wagon manufactured by complainant; the dumping mechanism being exactly similar, excepting that the rocking member is eccentrically pivoted, "having arms of unequal length and unequal weight, the longer and heavier arm acting at all times to maintain the shorter and lighter arm in elevated position," which enables one door to be moved upwardly toward its closed position after the companion door has reached its closed position, and after its closing position has been arrested.

The Garrison patent, if it contains patentable novelty, is an improvement on the rocking member employed by the complainant; and, while he may be entitled to protection for this discovery, he has ingrafted it upon the patent belonging to the complainant, and it cannot be regarded other than an improvement on the complainant's invention, and does not avoid the infringement of the claim in issue, which is directly readable upon his structure. Cramer & Haak v. 1900 Washer Co. (C. C.) 163 Fed. 299; Underwood Typewriter Co. v. Typewriter Inspection Co. (C. C.) 177 Fed. 230; Cantrell v. Wallick, 117 U. S. 689, 6 Sup. Ct. 970, 29 L. Ed. 1017.

The complainant, having shown invention and infringement, is entitled to an injunction and an accounting as prayed for in the bill filed. Let a decree be drawn in accordance with this opinion, with costs.